KATE RYAN, as Administratrix, etc., of WILLIAM RYAN, Deceased, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Master and servant — recovery under a contract for services repudiated by the master — a question for the jury.*

Upon the trial of an action, brought by the administratrix of a decedent to recover for services performed by her intestate as an inspector of masonry upon the New York aqueduct, it appeared that the division engineer wrote to the chief engineer of the aqueduct that he had ordered the plaintiff's intestate to report to him under suspension; that thereupon the chief engineer communicated such fact to the board of aqueduct commissioners, and a few days after the resigna-

tion of the plaintiff's intestate was demanded. Said intestate never reported for duty thereafter, although he made repeated applications for reinstatement, which applications were denied.

The defendant asked to go to the jury upon the question as to whether it was the understanding of the parties that the communication to the plaintiff's intestate was his discharge, which request was denied and a verdict was directed for the plaintiff.

*Held*, that, as the right to recover under a contract for services depends upon the rendition of such services or upon an offer to serve and a refusal to accept such service, it was error to direct a verdict, and that the defendant had a right to go to the jury for the purpose of having it determined what was the understanding of the parties as evidenced by the action which had been taken.

APPEAL by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of October, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 17th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Francis M. Scott* and *J. T. Malone*, for the appellant.

*E. G. Delaney* and *Lyman E. Warren*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover the sum of $3,120 alleged to be due the plaintiff's intestate for services performed as inspector of masonry upon the new aqueduct from October 24, 1887, to December 24, 1889. The complaint alleges the appointment by the aqueduct commissioners of the city of New York, on the 8th day of June, 1887, of the said Ryan as inspector of masonry, to supervise and inspect the work of construction of the new aqueduct, at a salary of $120 per month; and further, that the plaintiff's intestate entered upon said employment and faithfully performed all the duties and services required of him from the 8th day of June, 1887, to the 24th day of December, 1889, when he was dismissed; that there was paid to him for his services a certain sum, and that there remained due to him the sum of $3,120. The answer admitted the appointment but denied that Ryan had performed services from the 8th of June, 1887, to 24th of December, 1889, and alleged the dis-

charge of said Ryan on the 24th of October, 1887, and that he had performed no work since that time.

The evidence showed the appointment as admitted, and that Ryan served from the time of such appointment until the 24th of October, 1887, and had been paid for such services. On the 25th of October, 1887, the division engineer wrote to the chief engineer that he had ordered said Ryan to report to him under suspension. Thereupon the chief engineer communicated with the board of aqueduct commissioners, and on the 28th of October, 1887, the resignation of Ryan was demanded from him, and he ceased thereafter to do any work upon the aqueduct. There is evidence that since this time Ryan never reported for duty, although one witness upon the part of the plaintiff swore to having seen him subsequently upon the work. Ryan, however, made repeated applications for reinstatement, which applications were denied.

Upon this state of the evidence the defendant asked to go to the jury upon the question as to whether it was the understanding of both of these parties that the communication to Ryan was his discharge. The court denied this motion and directed a verdict for the plaintiff, which was excepted to.

It seems to us that this was error. The right to recover under a contract for services depends upon the rendition of those services or upon an offer to serve and a refusal to accept the same. We have been unable to find in this case any evidence whatever upon the part of Ryan that he offered his services subsequent to his claimed discharge. All his efforts were to be reinstated. From this circumstance the jury would have a right to infer that Ryan understood and the aqueduct commissioners intended that their communication should operate as a discharge.

The fact of their subsequent resolution dismissing Ryan from service was evidently brought about by certain decisions which had been made respecting suspensions, and offers but a very slight clue as to the intention with which the previous communications were made. As already suggested, it seems to be evident that Ryan understood when his resignation was called for that his place was vacant, as it does not appear that he tendered any services at all thereafter, but made continual applications for reinstatement.

We think that the defendant has a right to go to the jury for the purpose of having it determine from this evidence as to what was understood by these parties by the action which had been taken.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

PARKER and O'BRIEN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.